**Guo Yuan ZHOU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

**No. 04–0408–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

David X. Feng, New York, New York, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Ellen W. Slights, Assistant United States Attorney, Wilmington, Delaware, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Guo Yuan Zhou, through counsel, petitions for review of the BIA decision affirming the immigration judge's ("IJ") decision denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

Zhou provided no documentation to prove he ever had a daughter, other than a notarial death certificate issued eight years after her alleged death. The IJ found Zhou's claim that his father could obtain the certificate without submitting any documentary evidence of the child's birth or death, to be suspicious. However, there is no evidence in the record of how such certificates are typically acquired in China, and IJs may not rely on their knowledge of official practices in the United States to speculate about the nature of similar practices in other countries. *See Cao He Lin v. United States Dep't of*

*Justice,* 428 F.3d 391, 394 (2d Cir.2005) (criticizing IJ for speculating that a midwife could not have obtained a hospital certificate based on her word alone); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 154 (2d Cir.2003). Therefore, the IJ improperly found the existence of the notarial death certificate suspicious. However, even if the certificate was issued in the manner Zhou described, it has limited probative value. That his father was able to obtain the certificate without submitting any evidence of his daughter's existence only emphasizes that no such evidence exists.

■ At minimum, as the IJ noted, Zhou should have provided a corroborating letter or affidavit from a family member. Zhou suggested that his wife would be unable to produce one because she only had an elementary school education, and was mentally ill. However, the household register he submitted indicated that she had a junior high school education, and Zhou was unable to explain the discrepancy. Also, there was no evidence to corroborate her alleged mental illness, and the recent medical report indicated she was at least mentally competent enough to arrange for a medical evaluation and send Zhou the results. An application may be denied when there are "particular pieces of missing, relevant documentation" that are "reasonably available" to the applicant. *Jin Shui Qiu,* 329 F.3d at 153. Zhou's failure to submit any corroborating statements from his wife, when he clearly demonstrated the ability to acquire other documents from China, "could reasonably be considered more a product of [his] oversight or neglect than of the documents' unavailability." *See Zhou Yun Zhang,* 386 F.3d at 78.

A corroborating statement would also have helped to establish that the alleged sterilization was forced. The IJ acknowledged that the medical records might indicate that a sterilization had taken place, but emphasized that there was no indication of whether it was forced or voluntary. A corroborating statement from Zhou's wife, or from a witness to her arrest, would not be conclusive evidence that the procedure was forced, but the IJ properly noted that such evidence would have strengthened Zhou's claim. *See Zhou Yun Zhang,* 386 F.3d at 78.

Finally, the IJ was concerned with Zhou's failure to provide any details of his detention, in particular the beatings, until pressed during cross-examination. From Zhou's written statement, it is not clear whether he was actually detained or only threatened with detention. During direct examination, he revealed that he was detained for six days, but did not reveal until cross-examination that the officials physically assaulted him. The omissions in the earlier statements are glaring, even though they do not go to the heart of his claim that his wife was forcibly sterilized. This incident was the only time in his life that he was ever physically assaulted by the authorities, and therefore it would provide substantial support for his claim of well-founded fear of arrest. The IJ properly drew an adverse inference from Zhou's delay in revealing a detail critical to his own claim of persecution. *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005). In sum, the IJ cited numerous specific, cogent reasons to doubt Zhou's testimony in critical portions of his story, and therefore the adverse credibility finding stands. *See Zhou Yun Zhang,* 386 F.3d at 74; *Secaida–Rosales,* 331 F.3d at 307.

Zhou also challenges the IJ's denial of CAT relief, although there is no indication in the record of any application for, or denial of, CAT relief. Therefore, there is no CAT claim for this Court to address.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).